DANIEL J. BRYAN, Respondent, *v.* THE FARMERS' MUTUAL INDEM-
NITY ASSOCIATION OF CAYUGA COUNTY, Appellant.

*A complaint alleging the issuing of an insurance policy to a third person upon the
plaintiff's property, is demurrable.*

A complaint in an action to recover upon a policy of fire insurance which alleges
that the policy was issued to a third party upon property belonging to the
plaintiff, and which does not allege that such third party had any title to or
insurable interest in the premises, is demurrable.

APPEAL by the defendant, the Farmers' Mutual Indemnity Asso-
ciation of Cayuga County, from an interlocutory judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of Cayuga on the 6th day of November, 1902,
upon the decision of the court, rendered after a trial at the Cayuga
Special Term, overruling the defendant's demurrer to the amended
complaint.

*Hull Greenfield* and *S. Edwin Day,* for the appellant.

*Frank S. Coburn* for the respondent.

SPRING, J. :

The amended complaint alleges that on the 19th day of October,
1897, appellant issued its policy of fire insurance to one Sarah E.
Bryan upon property affirmatively alleged to belong to the plaintiff.
That is, the property was owned by one person and the policy issued
directly to another and without any allegation of title or insurable
interest in the insured. The possession of an insurable interest in
the property is essential to the validity of the policy (*Shearman
v. Niagara Fire Ins. Co,* 46 N. Y. 526; *Fowler* v. *N. Y. Indem-
nity Ins. Co.,* 26 id. 422; *Ruse* v. *Mut. Benefit Life Ins. Co.,* 23
id. 516, 523), and consequently that fact must be averred and
proved.

The respondent in extenuation of this averment states in his
brief that through an inadvertence he omitted to allege that the title
of the property was in the plaintiff's assignor at the time of the
issuance of the policy and contends that the omission is immaterial
as the complaint refers to the policy. That document is not

attached to the complaint but is attached to the record before us. and it does not show any title or insurable interest in the insured.

It may be that the demurrer is purely technical, but the allegation. to which we have adverted is explicit and positive and is not mitigated by any subsequent averment. The counsel for the respondent,. when the demurrer was interposed, should again have amended his. complaint rather than take his chances with it containing an allegation which he is obliged to concede he did not intend to make.

The interlocutory judgment should be reversed, with costs of this. appeal, and the demurrer sustained, with costs, and the plaintiff be. permitted to plead over upon the payment of the costs of this appeal. and of the demurrer.

All concurred.

Interlocutor⌐ judgment reversed, with costs of this appeal, and demurrer sustained, with costs, with leave to plaintiff to plead over upon payment of the costs of the demurrer and of this appeal.